Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7906 | **DATE** | April 27, 2011 |
| **CASE TITLE** | *Holland v. Apex Financial Management* | | |

**DOCKET ENTRY TEXT**

For the reasons stated herein, the defendant's motion to dismiss [15-1] is granted in part and denied in part. Status is set for May 17, 2011, at 11 a.m. The parties are directed to discuss settlement, whether they consent to proceed before the Magistrate Judge, and a proposed discovery plan prior to the status, and to submit the plan by May 13, 2011.

■[ For further details see text below.]

00:00

## STATEMENT

The plaintiff filed suit alleging that the defendant discriminated against her based on her disability, race and sex. She also alleges that she was retaliated against for having complained about the aforementioned discrimination. The complaint indicates that the disability claim is being made pursuant to the Americans with Disabilities Act ("ADA") while the race and sex claims are being alleged under Title VII of the Civil Rights Act of 1964, as amended.

The defendant has moved to dismiss the plaintiff's complaint on the ground that the plaintiff's charge of discrimination with the EEOC was not filed until 420 days after the last date of the alleged discrimination. Under both Title VII and the ADA, a plaintiff must file a charge of discrimination within 300 days of the alleged act of discrimination; otherwise, the claims are time-barred. *Stepney v. Naperville School Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004) (citations omitted). In her response, the plaintiff does not contest that the Title VII and ADA claims are untimely. Accordingly, the plaintiff's Title VII and ADA claims are dismissed as time-barred.

Instead, Holland contends that she also filed her complaint pursuant to 42 U.S.C. § 1981. She asserts that because the statute of limitations for § 1981 claims is four years, her § 1981 race discrimination and retaliation claims should be allowed to proceed.

The defendants contend that the statute of limitations is only two years. That is not entirely true. "Under the Supreme Court's holding in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 124 S. Ct. 1836, 158 L. Ed.2d 645 (2004), claims premised on conduct which took place after the formation of an employment contract are governed by Congress's four-year catch-all statue of limitations, codified in 28 U.S.C. § 1658." *Flowers v. Carbondale Elementary School Dist. No. 95*, No. 09-827-GPM, 2010 WL 3942447, at *2 (S.D. Ill.

| STATEMENT |
|---|

Oct. 6, 2010) *(citing Dandy v. UPS, Inc.*, 388 F.3d 263, 269 (7th Cir. 2004)). Here, the plaintiff alleges that she was subject to workplace harassment based on her race and that she was fired for having complained about it. Thus, her allegations of harassment and retaliation are subject to a four-year statute of limitations. She alleges that the discrimination started on or about January 2, 2008, and she filed this lawsuit less than three years later on December 13, 2010. Thus, her § 1981 claims based on race discrimination and retaliation are timely.

      The defendant further contends that the plaintiff has filed to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6) because she fails to plead the elements of a § 1981 claim under either the direct or indirect methods. A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ––– U.S. ––––, ––––, 129 S.Ct. 1937, 1949 (2009). The plaintiff alleges that the defendant harassed her because of her race and then retaliated against her by firing her when she complained. Under Seventh Circuit precedent, this is sufficient. *See, e.g., Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("A plaintiff who believes that she has been passed over for a promotion because of her sex will be able to plead that she was employed by Company X, that a promotion was offered, that she applied and was qualified for it, and that the job went to someone else."); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) ("Even after *Bell Atlantic*, *Concentra* affirmed our previous holdings that, in order to prevent dismissal under Rule 12(b)(6), a complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex.").

      For these reasons, the defendant's motion to dismiss is granted in part and denied in part. The plaintiff's Title VII and ADA claims are dismissed. The plaintiff's § 1981 race discrimination and retaliation claims may proceed. Status is set for May 17, 2011 at 11 a.m. The parties are directed to discuss settlement, whether they consent to proceed before the Magistrate Judge, and a proposed discovery plan prior to the status, and to submit the plan by May 13, 2011.